IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 18, 2002

## STATE OF TENNESSEE v. CHRISTOPHER RAY SMITH

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-500-166-B    Timothy L. Easter, Judge**

---

**No. M2001-01280-CCA-R3-CD - Filed July 9, 2002**

---

The Appellant, Christopher Ray Smith, entered "best-interest" pleas of guilty to one count of aggravated rape and one count of aggravated robbery. Following a sentencing hearing, Smith was sentenced to consecutive terms of twenty-five years for aggravated rape and twelve years for aggravated robbery. Additionally, the trial court ordered this effective thirty-seven year sentence to be served consecutively to outstanding aggravated robbery and theft convictions from Humphreys and Dickson Counties. On appeal, Smith contends the trial court erred in (1) imposing consecutive sentences for his aggravated rape and aggravated robbery convictions and (2) ordering that his Williamson County sentences be served consecutively to his Humphreys County and Dickson County sentences. Finding no error, the judgment of the Williamson County Circuit Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

F. Shayne Brasfield, Franklin, Tennessee, for the Appellant, Christopher Ray Smith.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Mark K. Harvey, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

During an eight-day period in January 2000, the eighteen-year-old Appellant, along with other accomplices, committed numerous aggravated robberies and other serious crimes in the middle Tennessee area. On January 10th, the Appellant, armed with a handgun and assisted by two

accomplices, robbed the New Highway 96 North Market in Fairview by ordering the cashier to open the cash register. After the money was removed from the cash register, the Appellant, still holding the handgun, put his arm around the cashier's throat and forced her into the men's restroom. As the victim begged not to be hurt, the Appellant told her that if she screamed, he would kill her. The Appellant then knocked the victim to the floor and raped her. Eight days after their first robbery, the Appellant and his accomplices were apprehended by law enforcement officers in Humphreys County.

On September 22, 2000, the Appellant pled guilty to two counts of aggravated robbery and two counts of theft of property in Dickson County for offenses committed on January 8, 2000, and he received an effective sentence of ten years. On October 20, 2000, the Appellant pled guilty to two counts of aggravated robbery in Humphreys County for offenses committed on January 7th and January 13th, 2002, and received an effective nine-year sentence. The Humphreys County Circuit Court convictions and the Dickson County Circuit Court convictions were ordered to be served consecutively for an effective sentence of nineteen years. On November 30, 2000, in the case before us, the Appellant pled guilty to aggravated robbery and aggravated rape for crimes committed on January 10th and received an effective sentence of thirty-seven years. The trial court ordered this thirty-seven-year sentence to be served consecutively to the Appellant's Dickson County and Humphreys County sentences; thus, resulting in an aggregate sentence of fifty-six years. On appeal, the Appellant challenges the consecutive nature of his sentences as imposed by the Williamson County Circuit Court.

**ANALYSIS**

Appellate review of the imposition of consecutive sentences is *de novo* with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness imposes upon the appealing party the burden of showing that the sentence imposed is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Consecutive sentences are warranted if the defendant has been convicted of more than one offense and the trial court finds by a preponderance of the evidence that certain criteria exist. Tennessee Code Annotated § 40-35-115(b) enumerates seven criteria permitting consecutive sentencing. Moreover, consecutive sentences may be imposed "if the defendant has additional sentences not yet fully served as the result of convictions . . . in other courts of this state." Tenn. R. Crim. P. 32(c)(2).

In this case, the trial court found the following two criteria applicable: (2) the defendant is an offender whose record of criminal activity is extensive and (4) the defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime when risk to human life is high. Tenn. Code Ann. § 40-35-115(b)(2), (4). Additionally, in accordance with *State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995), the trial court found, for purposes of a dangerous offender classification, that an extended sentence was necessary to protect the public against further conduct by the Appellant and that the consecutive sentences reasonably relate to the severity of the offenses committed. The record establishes that the Appellant admitted his participation in eleven robberies, most of which, if not all, involved use

of a firearm. Clearly, commission of this number of crimes reflects no hesitation about committing violent offenses where risk to life is high. Moreover, during the perpetration of aggravated rape, the Appellant, while armed with a handgun, threatened the victim with death and inflicted personal injury upon her. We find this conduct manifests little or no regard for human life. As such, we agree with the trial court's finding that the Appellant is a dangerous offender.

The Appellant takes particular issue with the trial court's finding that the aggregate sentences "reasonably relate to the severity of the offenses committed" in view of the fact that aggravated rape is designated a violent offense which requires service of the entire sentence. We find this argument unconvincing. In sum, we agree with the trial court's finding that the consecutive sentences imposed by the trial court reasonably relate to the severity of the crimes and that a lengthy sentence is necessary to protect the public against further criminal conduct by the Appellant. "The power of a trial judge to impose consecutive sentences ensures that defendants committing separate and distinct violations of the law receive separate and distinct punishment. Otherwise defendants would escape the full impact of their offenses." *State v. Robinson*, 930 S.W.2d 78, 85 (Tenn. Crim. App. 1996) (citing *Frost v. State*, 336 Md. 125, 647 A.2d 106, 115 (1994). The finding of only one of the seven statutorily enumerated criteria of Tennessee Code Annotated § 40-35-115(b) is necessary for imposition of consecutive sentences. As such, we find it unnecessary to review the trial court's finding that the Appellant is an offender whose record of criminal activity is extensive. The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE